Stover, J.
The application is to compel delivery of books and papers belonging to the supervisor of the town of Minerva, in Essex Co. The question as to the election of the supervisor has been finally passed upon by the court of last resort, and cannot be raised now.
Of the other questions raised, the only one entitled to serious consideration is, whether the bond of the incoming supervisor has been properly approved.
The statute provides that the supervisor shall serve until his successor is elected and qualified. Section 13, chapter 569, Laws of 1890.
Supervisors are required to take the constitutional oath of office.
Section 60 of the law above cited requires every supervisor elected or appointed, “within thirty days after entering upon his office,” to file an undertaking, such bond to be approved by the town board. •
The defendant in this proceeding sets up that he was not notified to attend the meeting of the town board at which the undertaking of the petitioner was approved. The papers show upon their face that the town board approved the bond.
There can be no doubt of the correctness of the rule that all the members of the board must be notified of the meeting, and a majority must be present.
if, therefore, the defendant was a member of the town board and was not notified of the meeting, the action of the board is of no effect.
I am of the opinion that the defendant was not a member of the town board. The doubt grows out of some seeming inconsistencies and ambiguities of the statute.
The language is, that the supervisor shall hold “ until his successor is elected and qualified.” What is meant by qualification? Does it mean the filing of the oath only, or the filing of the oath and the giving of the undertaking ?
It would seem in the case of the supervisor that “ qualification,” ■ referred to in §§ 12 and 13, meant the filing of the oath of office, because the language of § 60, under which the undertaking is required, is as follows:
“ Every supervisor hereafter elected or appointed shall, within thirty days after entering upon his office, make and deliver to the town clerk of the town his undertaking, etc.”
Evidently this section contemplated the new supervisor in office, and that he became supervisor upon the acceptance of the office by filing the constitutional oath. Section 51.
It follows, therefore, that the defendant ceased to be supervisor *533 upon the filing of the oath of office by the petitioner herein, and, of course, was not entitled to notice of the meeting of the town board. .
The objection that the bond was not properly approved, therefore fails. Any vacancy occurring after the acceptance of the office by the petitioner would be a vacancy of the new term, and would not give the defendant any right to the office.
We need not discuss the question further. The objection raised is that the defendant did not have notice of the meeting of the town board, and if I am right in my interpretation of the statute above quoted, the objection is not a valid one.
As to the failure to file the itemized list of expenses, I do not think the question can be raised in this proceeding. That question ought not to be adjudicated, except by a judgment of the court in an action properly brought.
The petitioner is entitled to the order asked for.
Robert Dornburgh, for app’lt; Foley & Wing, for resp’t.
Order affirmed, on opinion of special term, with ten dollars costs and printing disbursements.
Mayham, P. J., Putnam and Herrick, JJ., concur.